1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | ELEAZAR SALAZAR, | CASE NO: 10-CV-0319W (AJB)

12 | Plaintiff, | **ORDER GRANTING IN-PART**

13 | v. | **AND DENYING IN-PART DEFENDANTS' MOTION TO**

14 | | **DISMISS [DOC. 4] AND**

15 | ACCREDITED HOME LENDERS, INC., et al., | **GRANTING DEFENDANTS' MOTION TO STRIKE [DOC. 5]**

16 | |

17 | Defendants. |

18    On February 9, 2009, Plaintiff Eleazar Salazar filed this lawsuit against Accredited

19 Home Lenders, Inc., Litton Loan Servicing, Inc., Quality Loan Service Corporation,

20 Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association.

21 On February 16, 2010, U.S. Bank and Litton ("Defendants") moved to dismiss and

22 strike the Complaint.  Plaintiff has opposed the motions.

23    The Court decides the matter on the papers submitted and without oral argument

24 pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court **GRANTS**

25 **IN-PART** and **DENIES IN-PART** Defendants' motion to dismiss (Doc. 4) and

26 **GRANTS** Defendants' motion to strike (Doc. 5).

27 ///

28

## I.   BACKGROUND

In October 2005, Plaintiff obtained a mortgage loan from Defendants to refinance real property located at 1268 Emerald Way, Calexico, California. (*Not. of Removal* (*NOR*) [Doc. 1[1]], 6:27; *see also Mt. to Dismiss (MTD)* [Doc. 4], 1:11.)  In early 2009, Plaintiff began having difficulty making payments on his mortgage, and on May 7, 2009, Defendants served Plaintiff with a "Notice of Default And Election to Sell Under Deed of Trust." (*Request for Judicial Not.* (*RJN*) [Doc. 6-2], Ex. B.)

On January 5, 2010, Plaintiff filed a civil action in the Superior Court of Imperial County (Case No. ECU05622) asserting sixteen claims against the Defendants, including (1) Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601; (2) Violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601; (3) Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; (4) Quiet Title; (5) Wrongful Foreclosure; (6) Order to Set Aside Trustee's Sale; (7) Cancellation of Trustee's Deed; (8) Slander of Title; (9) Civil Conspiracy; (10) Unfair Business Practices; (11) Violation of RICO, 18 U.S.C.   § 1961; (12) Imposition of Constructive Trust; (13) Fraud; (14) Violation of California Civil Code § 2923.5; (15) Violation of California Civil Code § 2923.6; and (16) Breach of Contract.

On February 9, 2010, Defendants removed the case to this Court.  On February 16, 2010, Defendants moved to dismiss and strike.

## II.   MOTION TO DISMISS - RULE 12(B)(6)

### A.   Legal Standard.

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  See North Star Int'l v. Arizona Corp. Comm'n., 720

---

[1]All docket references refer to Case No. 10-CV-0319W (AJB)

F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id.  The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65.  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds).  Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id.  Courts may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986); abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

///

///

**B.**   Plaintiff's Claims for TILA and RESPA Violations are Time Barred.

Defendants argue that Plaintiff's TILA and RESPA claims are time barred.  The Court agrees.

TILA damage claims are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  TILA rescission claims are subject to a three-year statute of limitations.  15 U.S.C. § 1635(f).  The statute runs from the consummation of the loan.  Meyer v. Ameriquest Mort. Co., 331 F.3d 1028 (9th Cir. 2003).

Here, although the Complaint indicates the loan was consummated in October 2005 (*see Compl.* ¶ 20-22), Plaintiff alleges in the opposition that the closing documents were delivered a month late and, therefore, the mortgage actually closed "in mid to late November 2005." (*Opp. to MTD* [Doc. 8], 6:2.)  Giving Plaintiff the benefit of the November 2005 closing, this lawsuit is time barred because it was filed in January, 2010, over 4 years later. (*Compl.*, at p.1.)

Plaintiff argues, however, that because Plaintiff did not accept his demand for rescission within the 3-year period, the limitations period is extended by one additional year under 15 U.S.C. 1640(e).  But even if the Court were to grant Plaintiff a one-year extension under section 1640(e), because Plaintiff filed the lawsuit more than four years later, the lawsuit would still be time barred.

Plaintiff also argues that equitable tolling should also be applied to the TILA rescission claim.  However, Plaintiff has failed to allege facts that suggest tolling is applicable.  Equitable tolling "applies in situations . . . 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Velazquez v. GMAC Mortg. Corp., 605 F.Supp.2d 1049, 1061 (C.D.Cal. 2008) (quoting O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2008)).  Nowhere does the Plaintiff claim that Defendants' "trickery" caused him to miss the TILA deadline.  Moreover, the Ninth Circuit has found that the rescission limitations period is an "absolute limitation on rescission actions." Miguel v. Country Funding Corp, 309 F.3d 1161, 1164 (9th Cir. 2002).  It represents a "statute of repose, depriving the courts

1   of subject matter jurisdiction when a [TILA] claim is brought outside the three-year

2   limitation period." <u>Id.</u>  Accordingly, Plaintiff's TILA claims are time barred.[2]

3        Finally, Plaintiff's RESPA claims are also subject to a one-year limitations period.

4   <u>See</u> 12 U.S.C. § 2614 (RESPA statute of limitations.)  Because Plaintiff filed this lawsuit

5   more than four years after the loan was consummated, Plaintiff's RESPA claims are also

6   time barred.

7

8   **C.**    **<u>Plaintiff Fails to Plead the Elements of a FDCPA Claim.</u>**

9        Defendants argue that foreclosures are not covered by the FDCPA and,

10  therefore, Plaintiff's claim fails.  The Court agrees.

11        The declared purpose of FDCPA is to "eliminate abusive debt collection practices

12  by debt collectors . . . and to promote consistent state action to protect consumers

13  against debt collection abuses." 15 U.S.C. § 1692.  The FDCPA defines "debt" as "any

14  obligation or alleged obligation of a consumer to pay money arising out of a transaction

15  in which the money, property, insurance, or services which are the subject of the

16  transaction are primarily for personal, family, or household purposes, whether or not

17  such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).  In <u>Hulse v.</u>

18  <u>Ocwen Fed. Bank,</u>195 F. Supp. 2d 1188 (D. Or. 2002), the district court held that

19  foreclosing on a deed of trust is distinct from the collection of a debt as defined by

20  FDCPA:

21

22        Foreclosing on a trust deed is distinct from the collection of the
          obligation to pay money. The FDCPA is intended to curtail objectionable

23        acts occurring in the process of collecting funds from a debtor. But,
          foreclosing on a trust deed is an entirely different path. Payment of funds

24        is not the object of the foreclosure action. Rather, the lender is
          foreclosing its interest in the property.

25

26  <u>Id</u> at 1204.

27

28      [2] In the opposition, Plaintiff does not argue that his TILA damages claim is saved by
equitable tolling.

The Court agrees with this reasoning.  Accordingly, because Plaintiff's lawsuit arises from the foreclosure of his property (*see e.g. Compl.*, ¶ 6), Plaintiff has failed to state a claim for violation of the FDCPA.

**D.     Plaintiff Lacks Standing to Sue for Wrongful Foreclosure, Setting Aside Trustee's Sale and Cancellation of Trustee's Deed.**

Defendants argue that Plaintiff lacks standing to pursue the state-based "causes of action" for wrongful foreclosure, setting aside trustee's sale, and cancellation of trustee's deed.  The Court agrees.

It is well established under California law that a "valid and viable" tender of payment for the debt owed is essential to an action to cancel a sale under a deed of trust. Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (Cal. Ct. App. 1971); see also Copsey v. Sacramento Bank, 133 Cal. 659, 662 (Cal. 1901) ("an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize.")  Here, there is no dispute that Plaintiff has not alleged an ability to tender the debt.

Plaintiff nevertheless appears to argue that the tender requirement does not apply because his "rescission is based on [TILA]. . ." (*Opp. to MTD*, 7:20.)  This argument is not persuasive for at least two reasons.  First, Plaintiff's TILA claim has been dismissed, and thus Plaintiff is not entitled to rescission under TILA.  Second, and more importantly, even if TILA does not require an ability to tender, the state-based claims do.  Because Plaintiff did not allege an ability to tender, he has failed to state claims for wrongful foreclosure, setting aside trustee's sale, and cancellation of trustee's deed.

**E.     Plaintiff's Slander of Title Claim Fail as a Matter of Law.**

Defendants argue that Plaintiff's slander of title claim fails because under the California Civil Code, their communications with the Plaintiff were absolutely privileged.  The Court agrees.

Civil Code § 47(b) states in relevant part:

> A privileged publication or broadcast is one made: . . . . (b) in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . ."

The legislature has expressly stated foreclosure proceedings fall within the protections of this section.  California's Civil Code § 2924(d), states: "the following shall constitute privileged communications pursuant to Section 47: (1) The mailing, publication, and delivery of notices as required by this section.  (2) Performance of the procedures set forth in this article."

Here, Plaintiff's slander of title claim is based on Defendants' communications in connection with the foreclosure.  (*See Compl.*, ¶ 83.)   Accordingly, Defendants' communications are privileged under section 47(b) and, therefore, cannot form the basis of a slander of title action.[3]

**F.      Plaintiff Fails to State a Claim of RICO or Fraud.**

Defendants argue that Plaintiff has failed to allege sufficient facts for a RICO or fraud claim.  The Court agrees.

Under Federal Rule of Civil Procedure 9(b), fraud claims must be pled with particularity.  In <u>re GlenFed, Inc. Securities Litigation</u>, 42 F.3d 1541 (9th Cir. 1994) (superseded by statute on other grounds), the Ninth Circuit explained that this rule requires,

> more than simply a reiteration of requirements stated elsewhere. Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place, and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud.  The statement in question must be false to be fraudulent.   Accordingly, our cases have consistently required that circumstances indicating falseness be set forth.

---

[3] Plaintiff contends that the privilege under section 47(b) presumes a valid foreclosure. (*Opp. to MTD*, 5:5–7.)  Plaintiff, however, cites no authority for this proposition.

1   <u>Id.</u> at 1547–1548. Additionally, Rule 9(b)'s particularity requirements apply to RICO

2   claims predicated on mail and wire fraud. <u>Murr Plumbing, Inc. v. Scherer Bros.</u>

3   <u>Financial Services</u>, 48 F.3d 1066, 1069 (8th Cir. 1995).

4   Here, Plaintiff names Defendants U.S. Bank and Litton in the fraud and RICO

5   causes of action. However, U.S. Bank is not even mentioned in the Complaint's

6   "factual background," nor is it mentioned in the body of the RICO and fraud causes of

7   action. Thus, Plaintiff has clearly failed to plead RICO and fraud claims against

8   Defendant U.S. Bank.

9   With respect to Litton, there are simply no factual allegations suggesting that

10  Litton engaged in fraud. The only factual allegations relating to Litton are that it "was

11  not identified as the servicer on the Deed of Trust" (*Compl.*, ¶ 21), that Plaintiff "was

12  making timely loan modification payments to LITTON" (*Id.*, ¶ 23), and that "LITTON

13  knew it was working on a workout plan" (*Id.*, ¶ 26). These acts simply do not amount

14  to fraud, or racketeering activity. Accordingly, Plaintiff has also failed to plead RICO

15  and fraud claims against Defendant Litton.[4]

16

17  ## G.   Plaintiff's Civil Code § 2923.5 Claim Has Been Properly Pled.

18  Defendants argue that they have complied with Civil Code § 2923.5 and that

19  Plaintiff's claim should be dismissed. The Court disagrees.

20  Civil Code § 2923.5 requires a lender to contact the borrower before a notice of

21  default is recorded. As proof of said contact, Defendants offer the declaration of one

22  of Litton's agents stating that the lender complied with section § 2923.5. (*See RJN*, Ex.

23  B.) Plaintiff, however, disputes the validity of Litton's agent's statement. (*Compl.*, ¶

24  119-125.) Determining the factual validity of Litton's agent's self-serving statement is

25

26  _____

27  [4]Furthermore, there is no independent tort in California for civil conspiracy. <u>Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.</u>, 122 F.3d 1211 (9th

28  Cir.1997). Plaintiff appears to base his civil conspiracy claim on the RICO claim. Since the moving Defendants have been dismissed from the RICO claim, Defendants must be dismissed from the civil conspiracy claim as well.

not within the scope of a 12(b)(6) motion.  Accordingly, Defendants' motion to dismiss this claim must be denied.

### H.   There is No Private Right of Action Under Civil Code § 2923.6.

Defendants argue that § 2923.6 does not create a private right of action for borrowers.  The Court agrees.

Civil Code § 2923.6 provides:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply: (1) The loan is in payment default, or payment default is reasonably foreseeable. (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

Similar to other district courts that have faced this issue, this Court finds the permissive language of § 2923.6(b) does not provide a cause of action for Plaintiff.  See Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1052 (E.D.Cal. 2009) ("[T]he language of section (b) belies the imposition of any duty to engage in loan modification discussions, as the provision merely expresses legislative "intent" that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification if doing so is consistent with its authority."); see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1188 (N.D.Cal. 2009) ("The Court finds that the wording in Section (b) does not impose any duty on Defendants. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action.").  Accordingly, Plaintiff's § 2923.6 claim must be dismissed.

///

**I.** **Plaintiff Has Failed to State a Claim Under California Business and Professions Code § 17200.**

Plaintiff's section 17200 claim is premised on Defendants' alleged violations of TILA and the FDCPA.  Because this Court has dismissed the TILA and FDCPA claims, Plaintiff's section 17200 claim must be dismissed as well.

**III.** **MOTION TO STRIKE - RULE 12(F)**

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  FED. R. CIV. P. 12(f).  The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Chong v. State Farm Mut. Auto. Ins. Co., 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006).

Here, Defendants have moved to strike Plaintiff's prayer for punitive damages.  All of the claims on which Plaintiff prayed for punitive damages against Defendant U.S. Bank and Litton have been dismissed.  Accordingly, Defendants' motion to strike is granted as to the moving Defendants.

**IV.** **CONCLUSION & ORDER**

In light of the foregoing, the Court the Court **GRANTS** Defendants' motion to strike (Doc. 5), and **GRANTS IN-PART** and **DENIES IN-PART** Defendants' motion to dismiss (Doc. 4) as follows:

1. Plaintiff's TILA and RESPA claims are time barred and dismissed with prejudice as to all defendants.

2. Because this lawsuit arises out of the foreclosure of Plaintiff's property, the FDCPA claim is dismissed with prejudice as to all defendants.

3. Because Plaintiff has failed to allege the ability to tender, the state claims for wrongful foreclosure, setting aside trustee's sale and cancellation of trustee's deed are dismissed with leave to amend as to all defendants.

4. Plaintiff's slander of title claim against Defendants U.S. Bank and Litton is based on their alleged communications in connection with the foreclosure. Accordingly, Plaintiff's slander of title claim is dismissed with prejudice as to Defendants U.S. Bank and Litton.

5. Plaintiff's fraud, RICO and civil conspiracy claims are insufficiently pled as to Defendants U.S. Bank and Litton. Accordingly, those claims are dismissed with leave to amend as to Defendants U.S. Bank and Litton.

6. Plaintiff's Civil Code § 2923.5 claim has been properly pled and Defendant's motion to dismiss the claim is, therefore, denied.

7. Because there is no private right of action under Civil Code § 2923.6, Plaintiff's claim is dismissed with prejudice as to all defendants.

8. Plaintiff Business and Professions Code § 17200 claim is dismissed with leave to amend as to all defendants.

If Plaintiff decides to file an amended complaint, it must be filed on or before **July 23, 2010.**

**IT IS SO ORDERED.**

DATED:  July 2, 2010

_____
Hon. Thomas J. Whelan
United States District Judge

CC: ALL PARTIES AND COUNSEL OF RECORD