1
2
3
4
5
6
7
8
9
10          **UNITED STATES DISTRICT COURT**
11          **SOUTHERN DISTRICT OF CALIFORNIA**
12

13    ELEAZAR SALAZAR,                    CASE NO: 10-CV-0319W (AJB)

14                          Plaintiff,    **ORDER (1)GRANTING IN-PART**
                                          **MOTION TO DISMISS [DOC. 16],**
15          v.                            **(2) DENYING WITHOUT**
                                          **PREJUDICE MOTION TO STRIKE**
16                                        **[DOC. 17], AND (3) REMANDING**
17    ACCREDITED HOME LENDERS,            **CASE TO THE IMPERIAL**
      INC., et al.,                       **COUNTY SUPERIOR COURT**
18
19                          Defendants.

20          On February 9, 2009, Plaintiff Eleazar Salazar filed this lawsuit against Accredited

21    Home Lenders, Inc., Litton Loan Servicing, Inc., Quality Loan Service Corporation,

22    Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association.

23    On February 16, 2010, U.S. Bank and Litton ("Defendants") moved to dismiss and

24    strike the Complaint.  On July 6, 2010 this court granted in part and denied in part

25    Defendants' motion.

26          On August 9, 2010, Plaintiff filed a First Amended Complaint ("FAC").  On

27    August 12, 2010, Defendants moved to dismiss and strike the FAC.  Plaintiff opposed

28    the motions.

The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court **GRANTS IN-PART** the motion to dismiss [Doc. 16], **DENIES WITHOUT PREJUDICE** the motion to strike [Doc. 17], and **REMANDS** the remaining claims to state court.

## I.  BACKGROUND

In October 2005, Plaintiff obtained a mortgage loan from Defendants to refinance real property located at 1268 Emerald Way, Calexico, California. (*FAC* [Doc. 15], 7:5.) In early 2009, Plaintiff began having difficulty making payments on his mortgage, and on May 7, 2009, Defendants served Plaintiff with a "Notice of Default And Election to Sell Under Deed of Trust." (*Id.*, Ex. 1.)

On January 5, 2010, Plaintiff filed a civil action in the Imperial County Superior Court (Case No. ECU05622) asserting sixteen claims against the Defendants, including four federal claims and twelve state claims.  On February 9, 2010, Defendants removed the case to this Court based on federal-question jurisdiction. (*See Removal Notice* [Doc. 1], 2:12–19.)  Defendants then moved to dismiss and strike.  On July 2, 2010 this Court granted in part and denied in part Defendants' motion to dismiss with leave to amend and granted the motion to strike. (*See Order* [Doc. 11].)

Plaintiff filed the FAC on August 9, 2010, asserting eighteen causes of action against the Defendants, including (1) Violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601; (2) Violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601; (3) Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; (4) Quiet Title; (5) Wrongful Foreclosure; (6) Order to Set Aside Trustee's Sale; (7) Cancellation of Trustee's Deed; (8) Elder Abuse; (9) Civil Conspiracy; (10) Unfair Business Practices; (11) Violation of RICO, 18 U.S.C. § 1961; (12) Imposition of Constructive Trust; (13) Fraud; (14) Violation of California Civil Code § 2923.5; (15) Violation of California Civil Code § 2923.6; (16) Breach of

1 Contract; (17) Negligence; and (18) Violation of Covenant of Good Faith and Fair
2 Dealing.

3      On August 12, 2010 Defendants again moved to dismiss and strike the
4 Complaint.  Plaintiff opposed the motions.

5

6 **II.**    <span style="font-variant:small-caps">Legal Standard</span>

7      The court must dismiss a cause of action for failure to state a claim upon which
8 relief can be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6)
9 tests the complaint's sufficiency. <u>See</u> <u>North Star Int'l v. Arizona Corp. Comm'n.</u>, 720
10 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if
11 doubtful in fact," are assumed to be true. <u>Id.</u>  The court must assume the truth of all
12 factual allegations and must "construe them in light most favorable to the nonmoving
13 party." <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002); <u>see also</u> <u>Walleri v.</u>
14 <u>Fed. Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

15      As the Supreme Court recently explained, "[w]hile a complaint attacked by a
16 Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
17 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels
18 and conclusions, and a formulaic recitation of the elements of a cause of action will not
19 do." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007).  Instead, the
20 allegations in the complaint "must be enough to raise a right to relief above the
21 speculative level." <u>Id.</u> at 1964-65.  A complaint may be dismissed as a matter of law
22 either for lack of a cognizable legal theory or for insufficient facts under a cognizable
23 theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

24      Generally, courts may not consider material outside the complaint when ruling
25 on a motion to dismiss. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d
26 1542, 1555 n.19 (9th Cir. 1990).  However, courts may consider documents specifically
27 identified in the complaint whose authenticity is not questioned by parties. <u>Fecht v.</u>
28 <u>Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other

        10-CV-0319W

1   grounds).  Moreover, courts may consider the full text of those documents, even when
2   the complaint quotes only selected portions.  Id.  Courts may also consider material
3   properly subject to judicial notice without converting the motion into one for summary
4   judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v. South
5   Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986); *abrogated on other grounds*
6   *by* Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

7

8   **III.   DISCUSSION**

9       **A.   Plaintiff's TILA and RESPA claims are time barred.**

10          In the July 2, 2010 Order, this Court dismissed with prejudice both the TILA and
11  RESPA causes of action without leave to amend.  (*Order* at 10:23.)  Therefore, these
12  causes of action should not have been re-pled in the FAC.  Nevertheless, even if leave
13  to amend had been granted, the facts alleged in the FAC confirm that the TILA and
14  RESPA claims are time barred.

15          TILA damage claims are subject to a one-year statute of limitations.  15 U.S.C.
16  § 1640(e).  TILA rescission claims are subject to a three-year statute of limitations.  15
17  U.S.C. § 1635(f).  If a lender fails to accept a demand for rescission made within the 3-
18  year period the borrower is permitted an additional one year from the refusal of
19  cancellation to bring an action to enforce the rescission.  15 U.S.C. § 1640(e).  The
20  statute of limitations runs from the consummation of the loan.  Meyer v. Ameriquest
21  Mort. Co., 331 F.3d 1028 (9th Cir. 2003).

22          Here, Plaintiff argues that under 15 U.S.C. § 1635(f), he was entitled to an
23  additional year in which to file this lawsuit.  (*Opp'n* [Doc. 19], 6:13.)  Section 1635(f)
24  grants a plaintiff an additional year beyond the 3-year statute of limitations period where
25  a creditor wrongfully refuses to honor a borrower's notice of rescission.  However, the
26  plaintiff must exercise the right to rescind before the expiration of the initial 3-year
27  limitations period. Miguel v. Country Funding Corp., 309 F.3d 1161, 11164-65 (9th Cir.
28  2002).

1    Plaintiff alleges that he sent Defendants a Qualified Written Request that

2 included a rescission notice, and that Defendants failed to honor the notice.  However,

3 Plaintiff admits that the notice was sent on November 1, 2009 (*FAC*, ¶ 33; *Opp'n*,

4 5:27–6:1), approximately four years after the statute of limitations began to run.

5 Because Plaintiff failed to exercise his right to rescind within the 3-year period, he is not

6 entitled to the additional year under section 1635(f).[1]

7    Additionally, even if the Court were to grant Plaintiff the additional year, thereby

8 extending the statute of limitations to 4 years, Plaintiff's TILA and RESPA claims would

9 still be time barred.  As stated in the July 2, 2010 Order, the statute of limitations began

10 to run in late November 2005, when the closing documents were delivered to Plaintiff.

11 Because the lawsuit was not filed until January 5, 2010, more than 4-years later,

12 Plaintiff's claims are not saved by a four-year limitations period.

13    Finally, Plaintiff also argues that equitable tolling should also be applied to the

14 TILA rescission claim.  However, Plaintiff has failed to allege facts that suggest tolling

15 is applicable.  Equitable tolling "applies in situations . . . 'where the complainant has

16 been induced or tricked by his adversary's misconduct into allowing the filing deadline

17 to pass.'" Velazquez v. GMAC Mortg. Corp., 605 F.Supp.2d 1049, 1061 (C.D.Cal. 2008)

18 (quoting O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2008)).  Nowhere

19 does the Plaintiff claim that Defendants' "trickery" caused him to miss the TILA

20 deadline.  Moreover, the Ninth Circuit has found that the rescission limitations period

21 is an "absolute limitation on rescission actions." Miguel, 309 F.3d at 1164.  It represents

22 a "statute of repose, depriving the courts of subject matter jurisdiction when a [TILA]

23

24

25

26

27    [1] Plaintiff appears to argue that the additional one-year period under section 1635(f)
does not begin to run until plaintiff exercises the right to rescind.  Such a theory lacks merit
28 as it would allow the plaintiff to dictate the length of the limitations period by simply delaying
the exercise of the right to rescind.  For example, in Plaintiff's case, the limitations period
would have been extended by 2 years, resulting in a 5-year statute of limitations.

claim is brought outside the three-year limitation period." <u>Id.</u>  Accordingly, Plaintiff's TILA claims are dismissed with prejudice.[2]

### B.   The FDCPA does not apply to foreclosures.

The July 2, 2010 Order found that foreclosures are not covered by the FDCPA, and, therefore, dismissed Plaintiff's FDCPA claim.  (*Order*, 5:9–6:3.)  Accordingly, for the reasons stated in that Order, Plaintiff's FDCPA claim is dismissed with prejudice.

### C.   There is no private right of action under Civil Code § 2923.6.

The July 2, 2010 Order found that there is no private right of action under California Civil Code § 2923.6.  (*Order*, 9:5–26.)  Accordingly, for the reasons stated in that Order, Plaintiff's section 2923.6 claim is dismissed with prejudice.

### D.   The FAC fails to state a RICO or fraud claim.

Defendants argue that Plaintiff has failed to allege sufficient facts for a RICO or fraud claim.  The Court agrees.

To state a RICO claim, plaintiffs must allege that defendant (a) received income derived from a pattern of racketeering activity, and used the income to acquire or invest in an enterprise in interstate commerce; (b) acquired or maintained an interest in, or control of, an enterprise engaged in interstate commerce through a pattern of racketeering activity; (c) caused an enterprise engaged in interstate commerce, while employed by the enterprise, to conduct or participate in a pattern of racketeering activity; or (d) conspired to engage in any of these activities.  18 U.S.C. § 1962.  Plaintiff must also plead that defendants' violation was both the "but for" and proximate cause

---

[2]  As stated in the July 2, 2010 Order, Plaintiff's RESPA claims are also subject to a one-year limitations period.  (*See Order*, 5:3–6, citing 12 U.S.C. § 2614 (RESPA statute of limitations.).)  Accordingly, Plaintiff's RESPA claims are also time barred and dismissed with prejudice.

10-CV-0319W

of a concrete financial injury.  <u>Resolution Trust Corp. v. Keating</u>, 186 F.3d 1110, 1117 (9th Cir.1999).

Predicate acts of mail fraud and wire fraud must be alleged with particularity under Federal Rule of Civil Procedure 9(b).  In <u>In re GlenFed, Inc. Securities Litigation</u>, 42 F.3d 1541 (9th Cir. 1994) (superseded by statute on other grounds), the Ninth Circuit explained that this rule requires,

> more than simply a reiteration of requirements stated elsewhere.  Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place, and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud.  The statement in question must be false to be fraudulent.  Accordingly, our cases have consistently required that circumstances indicating falseness be set forth.

<u>Id.</u> at 1547–1548. Rule 9(b)'s particularity requirements apply to  RICO claims predicated on mail and wire fraud.  <u>Murr Plumbing, Inc. v. Scherer Bros. Financial Services</u>, 48 F.3d 1066, 1069 (8th Cir. 1995).

Plaintiffs allege that defendants "conducted and participated , directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 United States Code § 1962(c)." (*FAC*, 30:22.) They also allege that Defendants, for the purpose of executing this scheme "placed in post offices . . . things to be sent or delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier . . . including but not limited to loan applications, loan documents, collection notices, default and foreclosure related notices." (*Id.*, 31:1-6.)  Plaintiff asserts Defendants acted "for the purpose of executing this scheme to defraud Plaintiff." (*Id.*, 31:10.)

The allegations making up the RICO and fraud claims in the FAC are the same allegations alleged in the original Complaint, and which this Court already found are insufficient under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, (2007).  (*See Order*, 7:17–8:15.)  Accordingly, Plaintiff's RICO and fraud claims are dismissed without leave to amend, and with prejudice.

1   **IV.   S**UPPLEMENTAL **J**URISDICTION

2         A federal court may decline to exercise supplemental jurisdiction under any of the

3   following circumstances: (1) the state law claim involves a novel or complex issue of

4   state law; (2) the state law claim substantially predominates over the federal claim; (3)

5   the federal claim has been dismissed; and (4) exceptional circumstances.  28 U.S.C. §

6   1367(c).

7         Here, Plaintiff's federal causes of action have been dismissed with prejudice.  The

8   remaining causes of action are based on violations of California law.  Because the state-

9   law claims predominate, the Court declines to exercise supplemental jurisdiction over

10  the remaining state-law claims, and orders this case remanded to the Imperial County

11  Superior Court.

12

13  **V.   C**ONCLUSION **& O**RDER

14        For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion

15  to dismiss [Doc. 16], **DENIES WITHOUT PREJUDICE** Defendants' motion to strike

16  [Doc. 17], and **ORDERS** this case remanded to the Imperial County Superior Court.

17

18        **IT IS SO ORDERED.**

19

20  DATED:  March 30, 2011

21

22                                                    _____

23                                                    Hon. Thomas J. Whelan
                                                      United States District Judge

24

25

26

27

28